FILED
FEB 12 2009
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50033-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING MOTION** |
| vs. | ) | **TO SUPPRESS AND ADOPTING** |
| | ) | **REPORT AND RECOMMENDATIONS** |
| ANGELO PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, Angelo Perez, has filed a motion to suppress evidence. Docket 31. The government opposes the motion. Docket 39. The motion was referred to United States Magistrate Judge Veronica L. Duffy, and an evidentiary hearing was held on October 7, 2008. On October 15, 2008, Magistrate Judge Duffy issued her report and recommendations, recommending that the motion to suppress be denied in full. Perez filed objections to the magistrate judge's report. Docket 81. For the reasons stated below, the court adopts the magistrate judge's report and recommendations as supplemented herein and denies the motion to suppress.

## STANDARD OF REVIEW

This court must make a de novo determination of the portions of the magistrate judge's proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); see also United States v. Trice, 864 F.2d 1421, 1424 (8th Cir. 1988). The court has

conducted such a de novo review of the magistrate judge's report and recommendation and has carefully reviewed the record, and the court adopts the report and recommendation of the magistrate judge as supplemented herein.

**DISCUSSION**

**Miranda waiver**

In his motion to suppress, Perez first sought to exclude from evidence statements he made to Agent Charles Cresalia at the OST Tribal Offender Facility on January 11, 2008. Docket 31, page 2 (incorrectly stating that this conversation took place on February 1, 2008); Docket 31-2. Cresalia and Perez went over an Advice of Rights form, which included a waiver of rights, and both parties signed the document. Docket 54, page 3-4. Cresalia then questioned Perez for 45 minutes. Perez seeks to exclude the statements he made during this conversation.

Perez argues that advice given to him about his Miranda rights was "incomplete and incorrect," and further that he was incapable of waiving his Miranda rights. Docket 31, page 2. Magistrate Judge Duffy first concluded that the Miranda advisement was complete and accurate. Docket 54, page 9-10. Specifically, she found that neither Cresalia's failure to notify Perez that he may face federal charges, nor his failure to advise Perez of possible penalties, rendered his Miranda warnings incomplete. Id. at 9. Perez objects to this conclusion. Docket 81, page 1.

After a careful review of the facts and the relevant law as it applies to this issue, the court adopts the magistrate judge's report and recommendation as to the validity of the Miranda warnings given to Perez. The waiver provided in the Advice of Rights statement was sufficient to notify Perez of his rights. Furthermore, Agent Cresalia had no legal obligation to advise Perez that federal charges may be filed against him or to inform Perez of the possible penalties for those charges.

Next, the magistrate judge evaluated Perez's claim that his waiver of rights was invalid. Perez contended that his waiver was not given voluntarily because the questioning took place in jail and because he may have been taking drugs at the time. Docket 31, page 2-3. The magistrate judge concluded that Perez's waiver was made voluntarily:

> In considering the totality of the circumstances surrounding the January 11, 2008, interview of Mr. Perez, there is simply no evidence that Agent Cresalia used any coercive tactics to overbear Mr. Perez's will or critically impair his ability for self-determination. Nor is there any evidence that Mr. Perez had a particular mental or physical infirmity that Agent Cresalia was aware of and exploited throughout the interview.

Docket 54, page 17. Additionally, the magistrate judge concluded that the voluntariness of Perez's waiver of his rights was not affected by a head injury which damaged his short term memory. Id. at 19. In sum, "the court concludes that [Defendant] voluntarily waived his Miranda rights and voluntarily made statements to Agent Cresalia during the interview." Id. Perez objects to these conclusions. Docket 81.

3

The magistrate judge also concluded that Perez's waiver of his <u>Miranda</u> rights was knowing and intelligent. Docket 54, page 19. Relying on the testimony of Cresalia at the evidentiary hearing that Perez was "cooperative and responsive" throughout the interview, that the advisement of rights involved "plain and simple language," and that Perez acknowledged that he understood his rights and agreed to waive them, the magistrate judge was not persuaded that any elements of the interrogation or characteristics of the Defendant rendered the waiver of his rights to be unintelligent and unknowing. <u>Id.</u> at 22-23. Perez objects to these conclusions. Docket 81.

The court has carefully reviewed the parties' arguments, the magistrate judge's report, and relevant caselaw, and it adopts the magistrate judge's recommendation and finds that Perez's waiver of his <u>Miranda</u> rights was both knowing and voluntary. Because it concludes that Perez's waiver of his rights was valid, the court denies Perez's motion to suppress statements made to Cresalia on January 11, 2008.

**Sixth Amendment Right to Counsel**

Perez also argued that he had been appointed counsel for a related tribal offense, and that Agent Cresalia violated his Sixth Amendment right to counsel when he spoke with Perez without his counsel present, because the tribal and federal charges arose out of the same alleged sexual assault. Docket 42; <u>citing</u> <u>McNeil v. Wisconsin</u>, 501 U.S. 171, 177-178 (1991) (stating that police interrogation initiated after a defendant's assertion at an adversarial

proceeding of his right to counsel renders invalid any subsequent waiver of right to counsel). The magistrate judge concluded that no Sixth Amendment violation occurred because the "counsel" appointed to Perez on his tribal charge was lay counsel, not an attorney. Docket 54, page 28. Perez objects to this recommendation. Docket 81.

After a careful review of the parties' arguments, the facts, and relevant caselaw, the court adopts the magistrate judge's recommendation and finds that Perez's Sixth Amendment right to counsel was not violated. While Perez is correct that United States v. Red Bird, 287 F.3d 709 (8th Cir. 2002), would likely require this court to find a Sixth Amendment violation if he had been represented by an attorney on his tribal charges, the court agrees with Magistrate Judge Duffy and other judges in the District of South Dakota that Red Bird is distinguishable when it is lay counsel, not an attorney, who represented the defendant in tribal court. Red Bird, 287 F.3d at 716; see also Docket 54, page 25-27; United States v. Tools, CR 07-30109-01-KES (D.S.D. June 27, 2008); United States v. Killeaney, 2007 WL 4459348, *5-*8 (D.S.D. Dec. 17, 2007) (stating that "[t]here is a clear distinction between licensed legal counsel and lay representation under the Sixth Amendment" and concluding that "the appointment of 'counsel' pursuant to the Rosebud Constitution does not in all circumstances cause Sixth Amendment protections to attach" when that "counsel" is lay counsel); United States v. Dupris, 422 F. Supp. 2d 1061, 1068 (D.S.D. 2006); see also United States v. Whitefeather, 2006 WL 763204,

*2 (D. Minn. Mar. 24, 2006). Because Perez's Sixth Amendment right to counsel had not "attached" as discussed in McNeil, statements made during Agent Cresalia's conversation with Perez on January 11, 2008, are admissible. Perez's motion is denied.

Perez also moved to suppress discussed statements possibly made during a transport of Perez on May 7, 2008. Docket 31, page 3-4. The magistrate judge concluded that this motion was moot, because the government conceded that Perez did not make any statements during that transport which it intended to introduce. Docket 54, page 28.

For the reasons stated above, it is hereby

ORDERED that the magistrate judge's report and recommendation, Docket 54, is ADOPTED IN FULL.

IT IS FURTHER ORDERED that defendant's motion to suppress, Docket 31, is DENIED.

Dated February _13_, 2009.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
CHIEF JUDGE